**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 11th day of June, 2014.**



_____

Robert D. Berger
United States Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

In re:

BOBBY JOE SPENCER and                       Case No. 12-20854
DIANE WIGGINS SPENCER,
        Debtors.

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART
### CREDITOR'S MOTION FOR A MORE DEFINITE STATEMENT

       Debtors Bobby Joe Spencer and Diane Wiggins Spencer ("Debtors") filed their chapter 13 bankruptcy petition on March 31, 2012, listing CitiMortgage, Inc. ("Creditor") as a creditor with a lien secured by Debtors' principal residence. Debtors amended their plan, and this Court confirmed the amended plan on July 26, 2012. The confirmed Chapter 13 Plan calls for payment of both pre-petition arrearages and post-petition monthly payments to CitiMortgage. On October 1, 2012, Creditor filed its secured proof of claim, Claim 12-1. After the Court denied Debtors' initial objection to the proof of claim, Debtors filed a *pro se* Amended Objection to Claim 12.[1] This Court elected to treat Debtor's [sic] Amended Objection to CitiMortgage, Inc.

_____

[1] Doc. 103.

14.06.11 Spencer Definite Statement Order.wpd

Proof of Claim as an adversary complaint, and pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e),[2] Creditor has filed the Motion for More Definite Statement[3] presently before the Court. Federal Rule of Civil Procedure 12(e) allows a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[4] Because the Court agrees that the fraud portion of Debtor's [sic] Amended Objection is so vague or ambiguous that Creditor cannot reasonably prepare a response, the Court grants Creditor's motion for a more definite statement with respect to that portion of the objection and requires Debtors to file a second amended claim objection within 30 days.

Where, as here, a plaintiff is proceeding *pro se*, the Court will construe the plaintiff's pleadings liberally.[5] Thus, if a plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6] However, it is not "the proper function of the . . . court to assume the role of advocate for the pro se litigant."[7] For that reason, the court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[8] nor will it "supply additional factual allegations to round out a

---

[2] Fed. R. Bankr. P. 7012 incorporates Fed. R. Civ. P. 12(b)-(i) and makes it applicable to adversary proceedings in bankruptcy court.

[3] Doc. 108.

[4] Fed. R. Civ. P. 12(e).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Id.*

[8] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

14.06.11 Spencer Definite Statement Order.wpd

plaintiff's complaint or construct a legal theory on plaintiff's behalf."[9]

"A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[10] Generally, Rule 12(e) motions are disfavored by the courts because of the minimal pleading requirements of the Federal Rules.[11] The parties should obtain additional details with respect to claims through the discovery process.[12] "Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail,"[13] and the decision whether to grant or deny such a motion is within the sound discretion of the court. The Court considers only the objection in assessing definitiveness, not Debtors' additional pleadings.

Debtors' Amended Objection appears to state three bases for the objection: "The Court is moved that Debtors objects [sic] to CMI's Proof of Claim . . . for being Late; Improper Party of Interest and Fraudulent." Based on the additional information provided in the objection, the first basis for the objection, lateness, is clear and does not require additional clarification. Likewise, the second basis for the objection, that Creditor is not the true party-in-interest, is also clear and requires no additional detail. But the third basis for the objection, that the proof of claim is fraudulent, requires additional details.

When a party alleges fraud, Federal Rule of Civil Procedure 9(b)[14] requires the party to "state with particularity the circumstances constituting fraud," with general allegations only

---

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[10] *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Rule 9(b) is applicable in bankruptcy pursuant to Fed. R. of Bankr. P. 7009.

allowed for "[m]alice, intent, knowledge, and other conditions of a person's mind." The party alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[15] In other words, the alleging party must specify the "'who, what, where, and when of the alleged fraud.'"[16]

The Court is aware that the "'who, what, where, and when" standard is generally applied in a motion to dismiss or a motion to strike context,[17] but the Court finds that these same details are necessary to enable a responsive pleading in the form of a denial or admission. Absent these details, an opposing party cannot know the nature of the fraud it is meant to admit or deny. From the standpoint of a party seeking to formulate a response, or from a court attempting to evaluate a fraud claim, this lack of details renders the fraud claim unintelligible.

Here, the fraud claim lacks all necessary detail. For the fraud claim, Debtors' Amended Objection states only the following, taken verbatim from the objection:

> The Court is moved the Debt/Claim from CMI is fraudulent and fabricated, which must address by CMI.
> The Court is moved CMI is NOT the Party of interest at the time of its CLAIM filing.
> The Court is moved CMI was NOT the Party of Interest in state court action.
> The Court is moved CMI claim prepared by Bankruptcy Specialist, Mr. Derrick Brown, dated 10/01/2012 is fabricated and fraudulence.
> The Court is moved pursuant 18 U.S.C 152 and 3571 and under Federal Fraud Guidelines requires the Debtors to prove those elements of ***Who, What, When, Where and How*** to substantiate fraud.[18]

These statements fail to set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences of the allegedly false

---

[15] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1992)) (internal quotation marks omitted).

[16] *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1156 (D. Kan. 2007) (quoting *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001)).

[17] *Id.*

[18] Doc. 103, at 2.

14.06.11 Spencer Definite Statement Order.wpd

statement. This pleading is insufficiently specific to enable a responsive pleading and is the kind of pleading Rule 12(e) is designed to address. Even reading the objection in conjunction with Debtors' two responses to the motion seeking a more definite statement fails to supply the necessary detail; the responses are difficult to understand and never clearly explain the nature of the alleged fraud.

Therefore, with respect to the portion of Debtors' Amended Objection addressing fraud, Creditor's motion for a more definite statement is granted, and Debtors have 30 days to file a second Amended Objection to Claim 12. If Debtors fail to file an adequate second Amended Objection, the portion of the objection alleging fraud will be dismissed. With respect to the remaining two bases of the Amended Objection, the motion is denied. For administrative purposes, the deadline for Creditor's responsive pleading will be established by the Court after the fraud pleading issue is resolved.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

- 5 -
14.06.11 Spencer Definite Statement Order.wpd

Case 12-20854   Doc# 157   Filed 06/11/14   Page 5 of 5